# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE GLORIA MEADOWS, | |
| | Bankruptcy Case Number |
| Debtor, | 16-80429-CRJ-13 |
| | |
| GLORIA MEADOWS, | |
| | |
| Plaintiff, | |
| | Adversary Proceeding No. |
| v. | 21-80029-CRJ |
| | |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | |
| | |
| Defendants. | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Gloria Meadows (the "Debtor") with NewRez LLC d/b/a Shellpoint Mortgage Servicing and The Bank of New York Mellon Trust Company, N.A. (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Motion to Approve Compromise, Movants show unto the court as follows.

## JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

1

3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Meadows's allegations that NewRez LLC and The Bank of New York Mellon violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, Meadows alleges that NewRez LLC and The Bank of New York Mellon violated the Automatic Stay by contacting her in an attempt to collect a prepetition debt after the bankruptcy was filed.

6. NewRez LLC and The Bank of New York Mellon deny all wrongdoing as alleged in the Adversary Proceeding.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

7. In compliance with the Court's July 1, 2021 *Order Vacating Deadlines And Status Conference* [Docket No. 31], Defendant denies any of the four written communications complained of by the Plaintiff of its acts or omissions violated the automatic stay under 11 U.S.C. § 362(a) and states that in fact they were required and permitted by federal law. Accordingly, Shellpoint does not believe any new procedures on its sending monthly statements for loans related to bankruptcy are merited.

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Gloria Meadows and Defendants NewRez LLC and The Bank of New York Mellon have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

a. NewRez LLC and The Bank of New York Mellon shall pay to Meadows's counsel a total of $8,000.00 to settle any and all claims arising from this adversary proceeding.

b. This amount includes all costs and fees, including but not limited to Meadows's Attorney's fee;

c. Pursuant to 11 U.S.C. §362(k)(1), NewRez LLC and The Bank of New York Mellon shall pay to Meadows's counsel a total of $8,000.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $7,200.00 of the settlement representing 32.25 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since February 26, 2021 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $11,287.50 to $7,200.00. The Debtor shall retain $800.00 as allowed by her exemptions. Additionally, Gloria and Hershel Meadows no longer have any personal liability for any unpaid amounts owing on the Loan, including without limitation principal, interest, fees, expenses, charges or amounts paid for insurance or taxes on the Property. Defendants are to disburse the funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

## **RELIEF REQUESTED**

10. The parties jointly request that this Court approve the settlement that has been reached by Plaintiff Gloria Meadows and Defendants NewRez LLC and The Bank of New York Mellon in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

3

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

    (a) the probability of success in the litigation;

    (b) the difficulties, if any to be encountered in the matter of collection;

    (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

4

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Meadows's claims and the defenses of NewRez LLC and The Bank of New York Mellon with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ *John C. Larsen*_____
John C. Larsen
Attorney for the Debtor/Plaintiff,
Gloria Meadows

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

5

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 13th day of September, 2021.

Glenn E. Glover
Attorney for Defendants
1819 Fifth Ave. North
Birmingham, AL 35203
gglover@bradley.com

   A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 13th day of September, 2021.

                 /s/ *John C. Larsen*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 16-80429-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Sep 13 15:38:20 CDT 2021 | THE BANK OF NEW YORK MELLON FKA THE BANK OF<br>PO Box 10826<br>Greenville, SC 29603-0826 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| Credit One Bank Na<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | Direct Charge<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Dr Leonards/carol Wrig<br>1515 S 21st St<br>Clinton, IA 52732-6676 |
| Fingerhut<br>6250 Ridgewood Rd<br>St Cloud, MN 56303-0820 | First Premier Bank<br>3820 N Louise Ave<br>Sioux Falls, SD 57107-0145 | LVNV Funding<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| LVNV Funding, LLC its successors and assigns<br>assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Navient Solutions, Inc.<br>220 Lasley Ave<br>Wilkes-Barre, PA 18706-1430 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Seventh Ave<br>1112 7th Ave<br>Monroe, WI 53566-1364 | Specialized Loan Servicing<br>8742 Lucent Blvd<br>Suite 300<br>Littleton, CO 80129-2386 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 |
| Synchrony Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Synchrony Bank/Pep Boys<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | THE BANK OF NEW YORK MELLON FKA THE BANK OF<br>c/o Shellpoint Mortgage Servicing<br>PO Box 10826<br>Greenville, SC 29603-0826 |
| The Bank of New York Mellon, Trustee (See 41<br>c/o Specialized Loan Servicing, LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, Colorado 80129-2386 | The Swiss Colony<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Gloria Meadows<br>12577 US Hwy 72<br>Athens, AL 35611-8560 |
| John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)SHELLPOINT MORTGAGE SERVICING

End of Label Matrix
Mailable recipients    22
Bypassed recipients     1
Total                  23